UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SIDNEY JENKINS, III, | ) |
| Plaintiff, | ) No. 4:14-CV-5111-LRS |
| | ) **ORDER GRANTING** |
| | ) **MOTION FOR SUMMARY** |
| | ) **JUDGMENT** |
| vs. | ) |
| C/O CAMPOSE, C/O ROYSE, LEE | ) |
| YOUNG, and JONI AIYEKU, | ) |
| | ) |
| Defendants. | ) |

Having reviewed the Report and Recommendation filed by Magistrate Judge Rodgers (ECF No. 49) and Plaintiff's objections filed thereto (ECF No. 50), the undersigned hereby **ADOPTS** the Report and Recommendation in its entirety.

The absence of a formal prison regulation or policy is irrelevant. There is a valid, rational connection between the penitentiary's practice of prohibiting the performance of Wuduh in the H-Unit restroom and the interests used to justify that prohibition- safety, security and sanitation. Even if no actual problems have arisen from the prisoner's conduct, evidence concerning anticipated problems is sufficient. *Friedman v. State of Ariz.*, 912 F.2d 328, 3332-33 (9th Cir. 1990). It is unnecessary to decide whether it is in fact true that Plaintiff was caught washing his genitals in the sink located in the H-Unit restroom. There are no genuine issues of material fact and no credibility issues precluding a finding as a matter of law that prohibiting inmates from performing Wuduh in the H-Unit restroom serves legitimate penological

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT-    1**

interests, that Plaintiff has alternatives available to him to perform ritual cleansing, that permitting Plaintiff to perform Wuduh in the H-Unit restroom would negatively impact prison staff and other inmates, and that there are no reasonable alternatives which could be implemented to avoid the penitentiary's legitimate penological concerns. Accordingly, as a matter of law, Plaintiff's First Amendment free exercise of his religion rights has not been violated.

It is Plaintiff, not Defendants, who speculates about the meaning of the grievance response from DOC Program Administrator Belinda Stewart that it authorized him to perform Wuduh in the H-Unit restroom. The response does not mention the H-Unit restroom. Accordingly, there is no basis for concluding that Defendants conspired to "void" this response. As a matter of law, Defendants did not conspire to interfere with Plaintiff's civil rights.

Finally, even if Plaintiff's First Amendment rights were violated, Defendants would be entitled to qualified immunity from damages because it was not sufficiently clear that restricting Plaintiff's ability to perform Wuduh in the H-Unit restroom constituted a violation of those rights. *Mullenix v. Luna*, _____ U.S. _____, 136 S.Ct. 305, 308 (2015).

Defendants' Motion For Summary Judgment (ECF No. 37) is **GRANTED** and Defendants are awarded judgment on all of the claims pled in Plaintiff's Complaint (ECF No. 9).

//
//
//
//
//
//
//
//

**ORDER GRANTING MOTION**
**FOR SUMMARY JUDGMENT- 2**

1    The court hereby **CERTIFIES** that any appeal taken from this Judgment is not
2    in good faith.  28 U.S.C. Section 1915(a)(3).

3        **IT IS SO ORDERED**.  The District Court Executive is directed to enter
4    Judgment accordingly and forward copies of the Judgment and this order to Plaintiff,
5    counsel for Defendants, and to Magistrate Judge Rodgers.

6        **DATED** this__3rd__day of March, 2016.

7

8                        *s/Lonny R. Suko*

9                    _____
10                        LONNY R. SUKO
                    Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT-    3**